# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JULIO ANTONIO SANTOS, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>M & D K CONTRACTORS, INC. and EDWIN SANTOS, Jointly and Severally<br><br>Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a contracting company, which paints and provides contractor services, such as laying down flooring and providing industrial coating for surfaces in commercial properties.

2.	Plaintiff worked for Defendants as a Painter.

3.	From the start of Plaintiff's employment in 2005 to August 30, 2021, Plaintiff received no overtime wages whatsoever despite working excess of 40 hours each week.

4.	Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5.	 This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.	Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' principal place of business located at 5280 Webb Parkway, Lilburn, Georgia 30047, which is in Gwinnett County. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8. Julio Antonio Santos, was at all relevant times, an adult individual residing at 4243 Janet Court, Lilburn, Georgia 30047, which is in Gwinnett County.

**Defendants:**

9. M & D K Contractors, Inc. is an active Georgia domestic profit corporation. Its principal place of business is: 5280 Webb Parkway, Lilburn, Georgia 30047, which is in Gwinnett County.

10. Edwin Santos, upon information and belief is an owner, officer, director and/or managing agent of M & D K Contractors, Inc. Mr. Santos' address is unknown at this time.

11. Mr. Santos participated in the day-to-day operations of M & D K Contractors, Inc., and acted intentionally and maliciously. Mr. Santos is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with M & D K Contractors, Inc..

12. Upon information and belief, Edwin Santos jointly set the unlawful payroll policies complained of in this complaint for M & D K Contractors, Inc.

13. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

14. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they operate a painting and contractor business that utilizes commercial-grade equipment such as commercial spray painting machines, mechanized ladders, paint, and power tools, which were manufactured outside of Georgia. Additionally, Defendants required employees such as Plaintiff to travel outside of Georgia to perform work in states such as Florida, Tennessee, and Virginia, and Defendants regularly perform painting and contractor work outside of Georgia. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

16. At all relevant times, Defendants have been in the painting and contractor industry, providing painting, flooring, industrial coating, and related services to commercial properties throughout the Southeast of the United States.

17. Plaintiff was required to travel to various states to perform work such as Florida, Tennessee and Virginia to perform painting services.

18. Plaintiff was employed by Defendants as a painter from 2005 to August 30, 2021.

19. As a painter, Plaintiff's job duties included: painting the walls of commercial properties, cleaning up worksites, and traveling to various worksites to perform work.

20. Plaintiff was paid $17 per hour.

21. Plaintiff typically worked 11 hours each day, six days a week, from 6 a.m. to 6 p.m. He would receive a one-hour lunch break each day.

22. On average, Plaintiff worked 60 hours each week, but on occasion worked as many as 75 hours in a single week.

23. Throughout Plaintiff's employment with Defendants, Plaintiff was straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

24. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay overtime wages.

25. Additionally, Defendants were sued previously in this Court for failure to pay overtime wages, and continue to violate the FLSA with impunity. See Lemos et al v. M & D K Contractors, Inc. et al., Case No. 1:12-cv-01680-SCJ (N.D. Ga. 2012).

26. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from April 22, 2019 to August 31, 2021, through the entry of judgment in this case (the "Collective Action Period"), who worked as painters, contractors, floormen, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

28. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected

to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

29. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

30. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

32. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: April 22, 2022

                                      Respectfully submitted,

                                      **s/ Brandon A. Thomas**
                                      **BRANDON A. THOMAS**
                                      **GA BAR NO.: 742344**
                                      The Law Offices of Brandon A. Thomas, PC
                                      1 Glenlake Parkway, Suite 650
                                      Atlanta, GA 30328
                                      Tel: (678) 330-2909
                                      Fax: (678) 638-6201
                                      brandon@overtimeclaimslawyer.com